UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LINDA GORMAN,

    Plaintiff,

v.

                            CASE NO. 3:05CV251(RNC)

CITY OF NORWALK,

    Defendant.

## ORDER ON MOTION TO AMEND

Pending before the court is the plaintiff's request to amend her complaint. The plaintiff's current operative complaint alleges that the defendant's failure to accommodate her disability in the workplace violates the Americans with Disabilities Act ("ADA") and state law. The plaintiff now seeks to amend her complaint to add claims that the defendant retaliated against her for requesting reasonable accommodation.

**A. Procedural History**

The plaintiff's original complaint was filed on February 8, 2005. The currently operative complaint, the Second Amended Complaint, doc. #33, was filed on October 6, 2005.[1]

On February 1, 2006, the plaintiff filed another motion to amend her complaint (doc. #60). The parties subsequently entered into lengthy and difficult settlement discussions, aided by

---

[1] The first Amended Complaint, doc. #16, was filed to correct the defendant's name. (See doc. #12.) The Second Amended Complaint, doc. #33, was apparently filed in order to reflect that the defendant had restored six hours of sick time. (See doc. #31.) The defendant did not object to either of those amendments.

Special Master Gary Phelan. The case was reported settled and closed in August 2006. As a result, the court did not rule on the plaintiff's motion to amend.

In December 2006, the plaintiff moved to reopen the case because the defendant's "Common Council rejected the settlement agreement by a vote of 14-0-1." (Doc. # 86 at 2.) The plaintiff has now moved to reclaim her motion to amend.

**B. Standard of Review**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam).

In exercising its broad discretion in this regard, the court takes into account considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. See Local 802 Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182, (1962)); see also United States v. Cont'l Ill. Nat'l Bank & Trust

Co., 889 F.2d 1248, 1254 (2d Cir. 1989) (discretion of the Court with regard to motions seeking leave to amend "must be exercised in terms of a justifying reason or reasons consonant with the liberalizing spirit of the Federal Rules") (internal quotation marks and citations omitted).

**C. Discussion**

The court has carefully reviewed the changes proposed in the Third Amended Complaint. First, plaintiff seeks to add two counts alleging that the defendant retaliated against the plaintiff after she requested reasonable accommodation of her disability. One of these claims is brought under the ADA and the other is brought under Conn. Gen. Stat. § 46a-60(a)(4). The plaintiff also alleges additional facts in Paragraph 58 regarding the factual basis for her retaliation claims. Most of these events allegedly occurred in 2005, after the plaintiff filed this lawsuit. The Third Amended Complaint also includes a new count for intentional infliction of emotional distress. The plaintiff contends that she should be permitted to amend her complaint to add her new claims because they would otherwise be precluded from future litigation.

The defendant objects to plaintiff's motion to amend on several grounds. First, the defendant argues that plaintiff's proposed amendment is futile because the plaintiff never requested a reasonable accommodation, so there could not have

been retaliation for her doing so. Both parties have provided extensive factual briefing on this point. However, the court need not reach the merits of this factual dispute because the current complaint already alleges that the plaintiff requested accommodation and that the defendant failed to accommodate her. (See, e.g., Second Am. Compl., Count One, ¶¶ 63, 67; Count Two, ¶ 63, Count Three, ¶¶ 63, 67, Count Four, ¶¶ 63, Count Six, ¶¶ 58, 62.) Since these factual allegations are already present in the case, an objection to a motion to amend is not the proper vehicle for challenging the validity of that allegation.

The defendant next argues that permitting the amendment would prejudice it because both parties' counsel were involved in efforts to reach an accommodation. Therefore, the defendant argues that the attorneys might become necessary witnesses and be forced to withdraw their appearances if the complaint is amended. The issue of disqualification of counsel is not currently before the court. However, even if the disqualification of one or both counsel was a certainty (which neither party concedes), that alone would not be grounds for barring a plaintiff from amending a complaint to present all of her claims.

More to the point, the defendant argues that the amendment would cause undue delay both because new counsel might have to be retained and because additional discovery would be necessary on the new claims. However, the court finds that the plaintiff was

4

reasonably diligent in moving to amend the complaint approximately one year after the original complaint was filed. The additional delays were occasioned by the parties' settlement discussions which ultimately proved unfruitful. The court recently entered a scheduling order granting the parties ample time to diligently complete discovery and prepare for trial.

The plaintiff's motion to amend (doc. #60) and motion to reclaim the motion to amend (doc. #92) are granted.

SO ORDERED at Hartford, Connecticut this 4th day of May, 2007.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge